IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AUBREY PORTEE, #Y49441, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 24-cv-00538-SMY |
| ) | |
| MAY BEARY,[1] and ) | |
| JOHN DOES #1-4 (Saline County Jail ) | |
| Officers), ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Aubrey Portee, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Western Illinois Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was a prisoner at the Saline County Jail. He claims that he was subjected to excessive force and was denied medical care for his injuries; he seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was taken to

---

[1] It is not clear from the Complaint whether May Beary is the full name of this Defendant, or whether "MayBeary" is this individual's surname (Doc. 1, pp. 1, 7-9, 13-14). The Court will refer to him as MayBeary in this Order (See Doc. 1, p. 13).

1

a court appearance on March 26, 2023 by Defendant MayBeary and other Saline County Jail officers. He was handcuffed, chained, and shackled to six other prisoners. When they returned to the Jail, MayBeary jerked the chain linking Plaintiff to the next prisoner, grabbed Plaintiff by the throat, lifted him into the air, and slammed him onto the ground (Doc. 1, p. 8). Defendant John Doe #1 was there to remove the prisoners' cuffs and shackles but did nothing to stop MayBeary's use of force against Plaintiff. Another officer and a nurse ordered MayBeary to stand down, but MayBeary grabbed Plaintiff by the handcuffs and jerked him to his feet. This incident was caught on the surveillance camera.

Plaintiff asked for medical treatment for his head, shoulder, wrist, and back pain, but MayBeary and the other Defendant Officers (John Does #1-4) ignored him and denied him access to medical treatment (Doc. 1, pp. 8-9).

Plaintiff seeks compensatory and punitive damages (Doc. 1, p. 11).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment or Fourteenth Amendment excessive force claim against MayBeary for physically assaulting Plaintiff on March 26, 2023 and against John Doe Officer #1 for failing to intervene to stop the excessive use of force.
>
> Count 2: Eighth Amendment or Fourteenth Amendment deliberate indifference to serious medical needs claim against MayBeary and John Doe Officers #1-#4 for denying Plaintiff access to medical care for the injuries inflicted by MayBeary.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Discussion**

**Count 1**

Civil rights claims by pretrial detainees arise under the Due Process Clause of the Fourteenth Amendment, *see Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)), while the Eighth Amendment governs claims brought by convicted prisoners. Although Plaintiff's Complaint does not reveal whether he was a pretrial detainee at the time of the March 26, 2023 incident or had already been convicted of a crime, he states a colorable claim under either standard.

"[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). For an excessive force claim brought by a detainee, the relevant question is whether the force used was objectively reasonable. The plaintiff is not required to prove that the defendant acted with the subjective intent to punish or inflict harm. *Kingsley*, 576 U.S. at 395-400. If the Eighth Amendment applies, a violation occurs if a correctional officer "use[s] force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018); *see also Wilkins v. Gaddy*, 559 U.S. 34 (2010). Plaintiff's allegations that MayBeary yanked his restraints, grabbed him by the throat, slammed him to the ground, and jerked him up by the handcuffs, all while Plaintiff was chained, shackled, and cuffed, states a viable claim in Count 1 for excessive force against MayBeary.

An officer's failure to intervene when witnessing another officer's excessive use of force may violate the Constitution. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). To state such a claim, a plaintiff must sufficiently allege a defendant (1) knew that a constitutional violation

was being committed; and (2) had a realistic opportunity to prevent it. *See Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Here, Plaintiff's allegation that Officer John Doe #1 saw MayBeary's use of force against Plaintiff, yet did nothing to stop him, states a claim against John Doe #1. However, Count 1 cannot proceed against this unknown defendant until Plaintiff identifies him by name.

**Count 2**

If Plaintiff was a pretrial detainee in March 2023, his claim for failure to provide him with medical treatment is governed by the Fourteenth Amendment's Due Process Clause. *Kingsley*, 576 U.S. at 395-96. To state a claim, a pretrial detainee must plead facts suggesting the defendants' conduct was objectively unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Corrections officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). Additionally, a guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]" *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996).

Plaintiff's allegations that the defendants ignored his pleas for medical attention for his injuries state a claim in Count 2 under either the Fourteenth or Eighth Amendment, against MayBeary and the John Doe Officers #1-4.

### Unknown/John Doe Defendants

Plaintiff is responsible for securing information aimed at identifying the Unknown/John Doe Defendants, in accordance with the John Doe Identification Order that will be entered separately.  Once the names of the unknown defendants are obtained, Plaintiff must file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.  The Administrator of the Saline County Jail, in his/her official capacity only, will be added as a defendant for the purpose of responding to Plaintiff's requests for information regarding the identity of the John Doe Officers #1-4.

### Disposition

The Complaint states colorable claims in Count 1 against MayBeary and the John Doe Officer #1; and in Count 2 against MayBeary and the John Doe Officers #1-4.  The Clerk of Court is **DIRECTED** to **ADD** the Administrator of the Saline County Jail, in his or her official capacity, to the docket for the purposes of identifying the John Doe Defendants.

The Clerk shall prepare for MayBeary (or May Beary) and the Administrator of the Saline County Jail (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer

shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and

Accountability Act.

**IT IS SO ORDERED.**

**DATED:  August 15, 2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.